Per Curiam.
The bill states, that on the 10th of May, 1808, the complainant purchased of the defendant, Shackler, lot No. 136, in the town of Nashville, for the consideration of $15 in hand, and the further sum of $160 secured, to be paid by two notes at a future day. When these notes became due they were put in suit and recoveries had thereupon. The bill further states, that the defendant, Thomas Rutherford, claims title to the said lot, threatens to bring suit for it, but says he will take his own time to do so. It further prays that the defendants may interpleacf, that the complainant may be quieted in his title and possession, or that he may be relieved from the payment of the purchase money. The defendant, Rutherford, by his answer, claims title to the said lot by purchase at execution sale, sold as the property of Elijah Robertson by Wright Williams, sheriff of Davidson County; that the defendant, Shackler, as his agent, bid off the lot; but that he, Rutherford, paid the purchase money to the sheriff as principal in the transaction ; that Shackler afterwards acknowledged the agency, and gave an order to the sheriff to convey to him, Rutherford; that the complainant, before his purchase, had notice of this defendant’s claim. The defendant, Shackler, admits the sale of the lot, in substance, to the complainant, as stated in his bill, but denies that he ever made any contract with Rutherford for it, either directly or indirectly. He says, that being about to remove to Louisiana, Rutherford requested him to take a bond for twenty dollars upon one of his debtors residing there, and collect the money for him, and presented him with a * paper to sign, which he represented to be a writing specifying that if the money was not collected the bond should be returned. This defendant signed said paper under the above understanding, and no other, being himself illiterate and unable to read. There was some evidence given by one witness, that Rutherford produced to the sheriff an order from Shackler to make him a deed for the lot, which was considered by the sheriff and others insufficient for that purpose; by another, that he had *222 seen a small paper purporting to be a receipt for forty or fifty shillings, the price of the lot given by Shackler to Rutherford, with a subscribing witness; by a third, that this same paper, which he also had seen, was a receipt for a note on some man in Louisiana given by Shackler to Rutherford. The order itself was not produced, being lost, nor a copy of it. There was no evidence of Shackler’s agency as stated in Rutherford’s answer, or of any payment by Rutherford to the sheriff of the price the lot sold for at the sale. The complainant showed a regular title from the commissioners of the town of Nashville, down to himself by deed. In opposition to the relief in this case prayed by the complainant in his bill, it was contended, in behalf of the defendant, Rutherford, by his counsel, that the execution of a writing being admitted by the answer of Shackler, and proof having been given of it by two witnesses, and this paper being of a nature that presumed a consideration paid, the defendant, Rutherford, is to be considered a purchaser in equity. The court is of opinion that this opinion is not established. All the three witnesses have a separate and different view of the writing. One, that it -was an order on the sheriff to convey. This is contradicted by the answer ; another, that it was a receipt for money. This also contradicts the answer. The third, that it was a receipt for a note. This supports the answer. And none of them speak with certainty as to the real import. If the defect of uncertainty, * and the other defect of not producing the subscribing witness, or accounting for his non-production were removed, as the testimony relates to different contracts, still it is only one witness to countervail the defendant’s answer, which is not sufficient proof of a contract. Newland, 161. But suppose in the present case a contract had been proved of the sale of this lot by Shackler to Rutherford, and a valuable consideration paid therefor by Rutherford to Shackler; and to such a contract the evidence relates as far as it goes, if it amounts to anything: it is conceived that it would not support the case Rutherford has made in his answer. He there claims by contract of sale under execution against Elijah Robertson, at which Shackler acted as his agent. This is quite different; and for him to succeed, it is incumbent upon him to prove the same agreement he hath set forth, for if the agreement proved be of a different sort, equity will not execute it. Newland, 162, 163; Cowp. 330. Decree that the defendant, Ruther *223 ford, has not any such claim to the premises mentioned in the complainant’s bill as entitles him to a conveyance from the complainant or Shackler, and that the persons last mentioned be forever hereafter exonerated and discharged from said claim of said Thomas Rutherford. It is further ordered, that the defendant, Shackler, be at liberty to recover of the complainant all such sums of money as at law he obtained judgments for against him, and as specified in the bill of complaint, which have not yet been received of him. It is further ordered, that the costs of this suit be paid by Thomas Rutherford.
See, as to agreement of pleadings and, proof Crow v. Blythe, 3 Hay. 236; King’s Digest, 9785.